MAKAR, J.,
specially concurring.
The extraordinary relief sought is not warranted in light of the trial judge’s clarification at the hearing that he does not intend to enforce his jury instructions order in every case set for trial. Instead, he limits application of the order to only those cases where a jury has been selected. This limitation should alleviate what would otherwise be a significant hardship on the State to prepare instructions in the vast majority of cases set for trial that ultimately are resolved without a trial. The trial judge’s order, however, does not contain this verbally announced limitation; it should be amended to make this limitation more widely known so that practitioners understand its applicability.
Because state attorneys are executive branch officials, wielding the prosecutorial authority of the State of Florida, legitimate concerns regarding separation of powers with judicial branch orders can arise. See, e.g., Office of the State Att’y for Eleventh Jud. Cir. v. Polites, 904 So.2d 527, 532 (Fla. 3d DCA 2005) (finding order directing state attorneys and public defenders to pay for mental health exams for litigants they did not authorize to violate separation of powers). But state attorneys are also officers of the court who, under the inherent powers of the judicial branch, can be called upon “to prepare a document for the court’s use in connection with a specific case in which the lawyer represents one of the litigating parties.” United States v. Ray, 375 F.3d 980, 988 (9th Cir.2004); see Polites, 904 So.2d at 532 (“Although the Office of the State Attorney is found in article V of the Florida Constitution, the judicial branch of the State, ‘the decision to prosecute is an ‘executive’ function. A state attorney, while being a quasi-judicial officer, also shares some attributes of the executive.’ ” (quoting Office of the State Att’y, Fourth Jud. Cir. v. Parrotino, 628 So.2d 1097, 1099 n. 2 (Fla.1993))).
In upholding an administrative order requiring a United States Attorney to assemble information in each case for submission to a sentencing commission, the Ninth Circuit in Ray rejected separation of powers concerns, stating that the “Constitution affords courts ample space to demand the assistance of an officer of the court in the context of litigation — even when that officer is also an officer of the executive branch.” Ray, 375 F.3d at 988. In contrast, the imposition of a duty “that is unrelated to the central mission of the judicial branch” would lead to separation of powers problems. Id. Here, the challenged jury instructions order — as clarified — falls readily within the parameters of acceptable judicial practices.
The court in Ray noted that, as a factual matter, compliance with the challenged order would not impair the ability of an executive branch official to fulfill his constitutional obligations; it also found that *14 the “administrative burdens of complying” with the order “appear to be minimal.” Id. at 996, 997 (noting that compilation of sentencing reports in the 600 cases at issue “consumed the equivalent of one-third of the time of one full-time employee in that District’s probation department”). In contrast, a judicial order that imposes undue administrative burdens could be viewed as an abuse of judicial discretion and thereby render the order invalid. Id. at 997-98.
As a judicial policy matter, it is a legitimate concern of state attorneys that an across-the-board requirement that they file jury instructions in every case set for trial would have a serious impact on their office management practices and unfairly shift the economic burden to them for this aspect of judicial administration. State attorneys (and public defenders) operate on limited budgets and have hectic schedules; a compulsory practice that applies to all cases set for trial, not just those actually going to trial, puts unnecessary and potentially wasteful pressure on these budgets and schedules. The extra time and resources expended for such a practice also necessarily displace important activities that would otherwise be performed. If an administrative order is unduly burdensome because it disrupts the operations of a state attorney’s functions in a substantial way, an abuse of discretion may be found. Here, the trial judge’s refinement of his jury instructions order is an important one that should reduce the State’s concerns, thereby making the relief sought unnecessary.